JUDICIAL ETHICS ADVISORY PANEL
(Judicial Ethics Opinion 98-16 has been superseded pursuant to the decision in Republican Party of Minnesota v.White, 536 U.S. 765, 122 S.Ct. 2528, 153 L.Ed.2d 694 (2002) and has been modified and reissued as Judicial Ethics Opinion 2007-2.)
 ¶ 1 Question(s): May a judicial candidate, during or after a campaign, write a Thank You Note to campaign contributors?
 ¶ 2 Answer(s): Yes.
 ¶ 3 A judicial candidate cannot personally solicit campaign contributions, Canon 5C(2), but it may be done by a committee established by the judicial candidate. As we stated in Judicial Ethics Opinion 98-9, the purpose of the Canons is to insulate the judicial candidate from personal contact with financial supporters to avoid the appearance of bias if a contributor has appeared or later will appear in Court before the judicial candidate.
 ¶ 4 The rules of the State Ethics Commission of the State of Oklahoma tend to compromise the spirit of the Code of Judicial Conduct. The judicial candidate, like all candidates in the State of Oklahoma, must comply with the rules of the State Ethics Commission. A judicial candidate may attend a fundraiser in his/her behalf. Contributors may voluntarily offer support to the candidate. Lists of supporters are often shown in newspaper advertising. In fact, the candidate will know the names of supporters.
 ¶ 5 It must be recognized that if contributors and other support seem to be ignored by the judicial candidate, if sacrifice and effort by supporters are not acknowledged, the reputation of the judicial candidate could be substantially impaired.
 ¶ 6 As a practical matter, it is not a violation of the Code of Judicial Conduct to write a Thank You Note to campaign supporters.
/s/Robert L. Bailey, Chairman
/s/Robert D. Simms, Vice Chairman
/s/Milton C. Craig, Secretary *Page 986